IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM R. JAGGER and ) <br> MAGARET JAGGER, his wife, ) <br>               Plaintiffs, ) <br> ) <br>    vs. ) <br> ) <br> REYNOLDS FOOD PACKAGING, ) <br> A Pennsylvania Limited Liability, ) <br> Company, ) <br>               Defendants. ) | Civil Action No. 11-1134 <br> Magistrate Judge Maureen P. Kelly <br><br> [Re: ECF No. 25] |

## **MEMORANDUM ORDER**

OneBeacon Insurance Company ("OneBeacon") has filed a Motion to Intervene [ECF No. 25] in this action, contending that its rights to subrogation may be impaired by any settlement in its absence. Plaintiff William R. Jagger ("Plaintiff") opposes the Motion to Intervene contending that the motion is untimely, that intervention would cause unwarranted and prejudicial delay at this stage of the proceedings and, finally, that Plaintiff has previously negotiated for the protection of OneBeacon's rights, rendering intervention unnecessary.

The record in this matter reveals that Plaintiff's cause of action arises out of a fall which occurred on March 2, 2010, while Plaintiff, a Florida resident and truck driver, was making a delivery at Defendant Reynolds Food Packaging's ("Reynolds") business premises in Mercer County, Pennsylvania. Plaintiff alleges that Reynolds negligently maintained its property by failing to clear snow and ice and that, as a result, Plaintiff fell, rupturing his quadriceps tendon.

On September 7, 2011, Plaintiff filed this action against Reynolds seeking compensation for his injuries. OneBeacon alleges that as a result of the injuries sustained by Plaintiff, it has

1

paid approximately $13,158.80 in compensation to Plaintiff and that, under the terms of the insurance policy issued to Plaintiff as a member of the Independent Drivers Association, and the District of Columbia Workers' Compensation Act, it is entitled to recover the entire amount without regard to attorneys' fees or costs incurred by Plaintiff in obtaining any recovery.

As a preliminary matter, the cover page of the policy at issue makes abundantly clear that OneBeacon's policy "is not a workers' compensation policy and is not a substitute for workers' compensation coverage." [ECF No. 25-1, p. 1]. OneBeacon's reliance upon the provisions of the District of Columbia Workers' Compensation Act therefore is misleading and unfounded.

With regard to the language of the policy at issue, OneBeacon points to the subrogation clause, which provides:

> **Subrogation:** The **Company** has the right to recover all payments including future payments, which the **Company** has made, or will be obligated to pay in the future, to the **Insured Person** from anyone liable for the **Injury**. If the **Insured Person** recovers from anyone liable for the **Injury**, the **Company** will be reimbursed first from such recovery to the extent of the **Company's** payments to the **Insured Person**. The **Insured Person** agrees to assist the **Company** in preserving its rights against those responsible for such loss, including but not limited to, signing subrogation forms supplied by the **Company**.

[ECF No. 25-1, p. 26]. This clause, however, is silent as to the parties' respective liability for a proportionate share of attorney's fees and costs incurred on behalf of OneBeacon, where OneBeacon has not independently pursued litigation against a tortfeasor to recover payments made by it under the policy. In the absence of such a provision, OneBeacon's position that it is entitled to full recovery is untenable given the District of Columbia's[1] longstanding recognition of the "common fund" exception to the "American Rule" governing litigation expenses. See, e.g., Peart v. District of Columbia Housing Authority, 972 A.2d 810, 818 (D.C. 2009).

---

[1] OneBeacon's policy was issued to the Independent Drivers Association, Inc. Insurance Trust in the District of Columbia.

2

> It is true that requests for contribution to attorneys' fee expenditures are often analyzed under the so-called common-fund or common-benefit doctrine. This doctrine, which may fairly be viewed as a subcategory of unjust enrichment, constitutes an exception to the "American Rule" that each party to litigation bears its own attorneys' fees. The doctrine "permits an award of attorneys' fees to a person who preserves or recovers a fund or property for the benefit of others," *Passtou, Inc. v. Spring Valley Ctr.*, 501 A.2d 8, 11–12 (D.C.1985), and operates to "'spread litigation costs proportionately among all the beneficiaries so that the active beneficiary does not bear the entire burden alone and the 'stranger' beneficiaries do not receive these benefits at no cost to themselves.'" *Id*. at 12 (quoting *Vincent v. Hughes Air West, Inc.*, 557 F.2d 759, 769 (9th Cir.1977)).
>
> The doctrine classically applied to cases in which the litigation actually produced or preserved a common fund for the benefit of a group of which the attorneys' fee claimant was a member. *See, e.g., Trustees v. Greenough,* 105 U.S. 527 (1882)….
>
> A useful illustration can be found in insurance subrogation cases, where courts regularly make common-fund awards. In that context, the plaintiff can recover attorneys' fees from the insurance company who is subrogated to his recovery "based on the equitable notion that, because an insurer is entitled to share, to the extent of its subrogation interest, in any recovery its insured achieves against a tortfeasor, the insurer should share a proportionate share of the burden of achieving that recovery—including a pro rata share of the insured's attorney fee." *Gov't Employees Ins. Co. v. Capulli*, 859 So.2d 1115, 1119 (Ala.Civ.App.2002).

Id. at 818-819. Thus, in the absence of a policy provision permitting OneBeacon to benefit from the efforts of its insured, OneBeacon's recovery must be reduced by a proportionate share of the attorneys' fees and costs incurred in obtaining the recovery.

Finally, as indicated by Plaintiff's Response in Opposition to Motion to Intervene [ECF No. 28], OneBeacon's Motion to Intervene is untimely. Plaintiff's Complaint against Reynolds was filed on September 7, 2011; discovery is scheduled to close on October 1, 2012; depositions of the relevant parties to the underlying personal injury claim have taken place; and an Alternative Dispute Resolution conference is scheduled for September 18, 2012. Furthermore, Plaintiff's counsel repeatedly has agreed to represent OneBeacon's subrogation interest. See, ECF No. 27-3, p. 2. 27-5, p. 12, 13. The interests of OneBeacon and Plaintiff in maximizing

recovery on behalf of the Plaintiff as compensation for his injuries are entirely consonant. Accordingly, intervention at this stage of the litigation is both untimely and unwarranted.

For each of the reasons set forth herein, this 10th day of September, 2012, it is HEREBY ORDERED that OneBeacon's Motion to Intervene is DENIED.

BY THE COURT,

/s/ Maureen P. Kelly
UNITED STATES MAGISTRATE JUDGE


cc: Counsel of Record Via CM-ECF