IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM R. JAGGER and            )
MAGARET JAGGER, his wife,        )
                Plaintiffs,   )
                         )
    vs.                          ) Civil Action No. 11-1134
                         ) Magistrate Judge Maureen P. Kelly
REYNOLDS FOOD PACKAGING,         )
A Pennsylvania Limited Liability, )
Company,                         )
                Defendants.   )

**<u>MEMORANDUM OPINION AND ORDER</u>**

Defendant Reynolds Food Packaging ("Reynolds") has filed a Motion to Compel Independent Medical Exam of Plaintiff [ECF No. 36], seeking an examination of Plaintiff's cardiac health.  Defendant contends that Plaintiff has placed his cardiac health in controversy, by claiming that his disability and impairment of earning capacity are the result of injuries sustained in an accident on Plaintiff's property when, in fact, there appears to be evidence that Plaintiff's disability may be the result of an underlying cardiac condition.  Plaintiff opposes the Motion to Compel contending that because Plaintiff has not alleged that the accident caused his cardiac condition, his cardiac condition is not in controversy as required by Rule 35(a) of the Federal Rules of Civil Procedure, and that Defendant lacks "good cause" to support the personal invasion of an independent medical exam.  [ECF No. 37].

Rule 35(a) of the Federal Rules of Civil Procedure provides:

(a) Order for an Examination.

> (1) In General. The court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

> (2) Motion and Notice; Contents of the Order. The order:

> > (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and

> > (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a).  In Schlagenhauf v. Holder, 379 U.S. 104(1964), the United States

Supreme Court held,

> Rule 35 ... requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of "in controversy" and "good cause," which requirements ... are necessarily related.... [These requirements] mean[ ] ... that the movant must produce sufficient information, by whatever means, so that the district judge can fulfill his function mandated by the Rule.

Id. at 118–19.   Nevertheless, even when good cause is shown, whether to order a proposed

examination is committed to the discretion of the court. Shirsat v. Mut. Pharm. Co., Inc., 169

F.R.D. 68, 69-70 (E.D. Pa. 1996)(citing, Great West Life Assurance Company v. Levithan, 153

F.R.D. 74, 76 (E.D. Pa.1994); Stinchcomb v. United States, 132 F.R.D. 29, 30 (E.D.Pa.1990);

Hardy v. Riser, 309 F.Supp. 1234, 1241 (N.D.Miss.1970)).

Here, it is clear that the Plaintiff's cardiac condition is "in controversy." Plaintiff's

Complaint alleges that his future earning capacity is either reduced or permanently impaired by a

quadriceps tendon injury sustained in a fall on Defendant's property.  [ECF No. 1, p. 7, ¶¶ 20.c

2

and 20.e].  Plaintiff's medical records indicate that on the day of the accident, Plaintiff was evaluated in the Grove City Hospital Emergency Room, where it was noted that Plaintiff was suffering from a complete right coronary artery block. [ECF No. 37-1, p.2].  Plaintiff was transported to Allegheny General Hospital, where he underwent cardiac catheterization prior to being treated for his tendon injury.   Subsequently, Plaintiff applied for disability benefits from the Social Security Administration, citing his quadriceps tendon injury, back pain and his cardiac health as conditions preventing his return to gainful employment. [ECF No. 36-7, pp. 1-4]. During his deposition in this action, Plaintiff stated that he believed his disability was entirely due the injuries sustained in the fall.  [ECF No. 36-3].  The medical basis of the impairment of Plaintiff's earning capacity has been placed directly at issue by the Plaintiff and the Defendant is entitled to challenge Plaintiff's claim.

Having determined that Plaintiff's cardiac condition is "in controversy," Defendants must also establish "good cause" for the requested examination.  Defendants appear to have some limited information regarding Plaintiff's condition, i.e., that he suffered a complete right arterial blockage and a underwent a catheterization.  It does not appear, however, that Defendants have been provided Plaintiff's complete medical records with regard to his cardiac care to determine the extent of the resulting debilitation, if any.  In the absence of production of complete medical records of Plaintiff's cardiac condition and an exam, Defendant would be limited to cross-examining Plaintiff and his orthopedic and/or vocational experts regarding the effect of Plaintiff's cardiac condition on the impairment of his future income.  As noted by the Court in Womack v. Stevens Transport, Inc., 205 F.R.D. 445 (E.D. Pa. 2001) (*quoting* , Tomlin v. Holecek, 150 F.R.D. 628, 633 (D.Minn.1993)),  this is an "insufficient test of truth."  Defendants

have shown good cause to compel the independent medical exam and Defendant's Motion to

Compel the exam will be granted.


## <u>ORDER</u>

AND NOW, this 6th day of December, 2012, IT IS HEREBY ORDERED that

Defendant's Motion to Compel Plaintiff's Independent Medical Examination is GRANTED.


BY THE COURT,


<u>/s/ Maureen P. Kelly</u>
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:      Counsel of Record Via CM-ECF